IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Martin,                          :

        Plaintiff,             : Case No. 2:13-cv-634

   v.                                   :

Warden Cook, et al.,                    : JUDGE ALGENON L. MARBLEY
                                                            Magistrate Judge Kemp
        Defendants.            :

REPORT AND RECOMMENDATION

    Plaintiff, Robert Martin, a state prisoner who resides at the Frazier Health Center at the Pickaway Correctional Institution, submitted his complaint in this case to the United States District Court for the Northern District of Ohio at Akron on June 10, 2013. His complaint was accompanied by a motion for leave to proceed in forma pauperis. By order dated June 28, 2013, the case was transferred to this Court.

    Mr. Martin's motion for leave to proceed in forma pauperis was accompanied by the required cashier's statement from his institution. In the usual case, the Court would assess a partial filing fee based on that trust fund statement. However, as this Court has previously noted, Mr. Martin has had three or more cases or appeals dismissed in the past as frivolous or for failure to state a claim on which relief can be granted. See Martin v. Woods, Case No. 2:12-cv-341 (S.D. Ohio), citing Martin v. Welch, Case No. 2:10-cv-736 (S.D. Ohio); Martin v. Ohio Supreme Court, Case No. 2:04-cv-613 (S.D. Ohio); Martin v. Mrs. Lowery, Case No. 2:04-cv-641 (S.D. Ohio).

    Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes" rule, a prisoner may not bring a suit in forma pauperis if that

prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Thus, he is not entitled to proceed in forma pauperis and to pay the filing fee in installments unless he can demonstrate that he meets the "imminent danger" requirement of §1915(g).  Otherwise, he must pay the entire filing fee (currently $400.00 for prisoners not granted in forma pauperis status) at the outset of the case.

    Mr. Martin raises a number of issues in his complaint but does not assert any of them in terms of imminent danger.  However, several, but not all, of the issues Mr. Martin raises relate to the defendants' alleged deliberate indifference to his medical needs.  The Sixth Circuit has held that the denial of medical treatment can satisfy the imminent danger requirement. Vandiver v. Vasbinder, 416 Fed. Appx. 560, 563 (6th Cir. March 28, 2011) (alleged failure to treat diabetes and Hepatitis C), citing Ibrahim v. District of Columbia, 463 F.3d 3, 6–7 (D.C. Cir. 2006) (alleged failure to treat hepatitis C).  Other Courts of Appeals outside this Circuit likewise have found that the denial of treatment may result in the imminent danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g).  For example, in Jackson v. Jackson, 335 Fed.Appx. 14, 15 (11th Cir. 2009), the Eleventh Circuit found that the denial of hernia surgery met the imminent danger of serious physical injury requirement.  The Eleventh Circuit again found the requirement satisfied in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) as a result of the withdrawal of treatment for HIV and Hepatitis C, both chronic and possibly fatal diseases. Further, the Seventh Circuit has found that "heart palpitations, chest

pains, labored breathing, choking sensations, and paralysis in ... legs and back" as a result of the denial of medication constituted serious physical injury. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Additionally, the failure to treat severe chronic pain has been found to satisfy the imminent danger requirement under specific circumstances. Freeman v. Collins, Case No. 2:08-cv-71, 2011 WL 1397594, *6 (S.D.Ohio April 12, 2011) (Deavers, M.J.); Perez v. Sullivan, 2005 WL 3434395, *2 (W.D. Wis. December 13, 2005).

Here, however, Mr. Martin does not allege any facts which demonstrate that his serious physical injury is imminent as a result of defendants' alleged indifference to his serious medical needs. For example, although he states that he suffers from degenerative disk and joint disease, pinched nerves, burning feet, swelling legs, severe narrowing of the spine, and acute arthritis causing him to endure pain while he is forced to walk to the chow hall, legal mailroom, warden's office, and the infirmary, he also states that he has a cane and takes pain killers two to three times a day. Further, although he contends that temperatures in his dorm reach 100 to 110 degrees and impact his breathing because he is asthmatic and suffers from COPD and emphysema, he states that he has an inhaler which he uses with frequency. He also argues that he is being treated for high cholesterol and that he objects to this treatment but that the defendants refuse to honor his objection. He mentions briefly that his medical records from 2010 indicate that he has a tumor and deep vein thrombosis and that he has received no follow-up for these conditions from the state medical director. Finally, he contends that he has been forced to undergo blood tests, most recently on April 30, 2013.

As noted above, Mr. Martin is housed at the Frazier Health Center, has been seen by the medical staff, has been prescribed a

cane, an inhaler, and pain medications, and has been treated for high cholesterol.  Consequently, the essence of Mr. Martin's complaint relating to his medical issues is that he disagrees with the opinions of the medical staff at his institution.  Such allegations are insufficient to satisfy the imminent danger requirement of 28 U.S.C.1915(g).  Numerous other courts have reached the same conclusion in similar circumstances.  See, e.g., Watley v. Escobar, 2010 WL 1643801 (N.D. Ohio April 22, 2010) (no imminent danger where plaintiff received medical treatment but disagreed with conclusions of medical personnel); James v. Hunter, 2009 WL 3052131, *3 (S.D. Alabama September 18, 2009) (disagreement with medical treatment provided does not satisfy §1915(g) exception); Joyner v. Fish, 2008 WL 2646691 (W.D. Va. July 3, 2008) (imminent danger not demonstrated when plaintiff had been given thorough medical treatment, never been denied doctor visit, and been advised to take medication but disagreed with opinions of medical professionals); Baugh v. Missouri Dept. of Corrections, 2008 WL 4831783, n. 1 (E.D. Mo. November 5, 2008) (no imminent danger where plaintiff admitted he was offered treatment for medical conditions but disagreed with offered treatment); Brown v. Beard, 492 F.Supp.2d 474, 478 (E.D. Pa. June 27, 2007) (prisoner was not in imminent danger when disputing the quality of treatment he was receiving for various medical conditions).

    For these reasons, it is recommended that the motion for leave to proceed *in forma pauperis* (Doc. 2) be denied, and that Mr. Martin be directed to submit the entire $400.00 filing fee within thirty days if he wishes to proceed with this action.  If that recommendation is accepted, he should also be advised that if he does not pay the fee, the action will be dismissed and will not be reinstated even upon subsequent payment of the filing fee. See McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge