**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT MARTIN,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Case No. 2:13-CV-00634** |
| | **:** | |
| **v.** | **:** | **JUDGE ALGENON L. MARBLEY** |
| | **:** | |
| **WARDEN COOK,** *et al.*, | **:** | **Magistrate Judge Kemp** |
| | **:** | |
| **Defendants.** | **:** | |

<u>**OPINION & ORDER**</u>

This matter is before the Court on Plaintiff's Objections to the **Report and Recommendation** issued in this case (Doc. 6), recommending that the Court deny Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2), on the grounds that Plaintiff has not demonstrated the "imminent danger" required under 28 U.S.C. § 1915(g).  Plaintiff insists that he has demonstrated the requisite imminent danger, and further directs the Court to his recently filed Amended Complaint (Doc. 11, 12) for further support.  Plaintiff also asks the Court to appoint counsel to represent him in this matter.  (Doc. 13).  Because Plaintiff has not yet served process on Defendants, they have not responded to any of Plaintiff's motions.

For the reasons set forth herein, the Court **SUSTAINS** Plaintiff's Objections to the Report and Recommendation.  The matter is hereby recommitted to the Magistrate Judge for the assessment of a partial filing fee, as well as for disposition of Plaintiff's request for counsel.

I.       **BACKGROUND**

Plaintiff filed his Complaint on June 10, 2013 (Doc. 1), seeking relief for violations of his civil rights while incarcerated at the Frazier Health Center at the Pickaway Correctional Institution.  The case was at first wrongly filed with the Northern District of Ohio, but was

transferred to this Court on June 28, 2013.  (Doc. 3).  Plaintiff seeks to proceed *in forma paupers* ("IFP"), and has submitted a Motion to that effect, with an affidavit in support.  (Doc. 2).  Because Plaintiff has had three or more cases dismissed in the past as frivolous or for failure to state a claim, the Magistrate Judge recommended that the Motion be denied (Doc. 6).

On August 8, 2013, Plaintiff moved for leave to file an amended complaint (Doc. 9), which the Court granted under Fed. R. Civ. P. 15(a)(1)(A) (Doc. 10).  Plaintiff sought to amend his complaint to add further defendants, as well as to add additional allegations relating to his medical condition.  On August 28, Plaintiff filed a Motion renewing his request to file an Amended Complaint, and requesting the Court to appoint counsel to represent him.  (Doc. 11).  On December 2, Plaintiff filed his new Complaint.  (Doc. 12).  Finally, on December 9, Plaintiff filed a supplemental pleading in support of his argument that he faces "irreparable harm and imminent injury."  (Doc. 13).  Plaintiff also renewed his request for counsel.  (*Id.*).

## II.      STANDARD OF REVIEW

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Because Plaintiff has had, while incarcerated, three or more cases or appeals dismissed in the past as frivolous or for failure to state a claim upon which relief can be granted, *see Martin v. Woods*, No. 2:12-CV-00341 (S.D. Ohio), *Martin v. Welch*, No. 2:10-CV-00736 (S.D. Ohio), *Martin v. Ohio Supreme Court*, No. 2:04-CV-00613 (S.D. Ohio), *Martin v. Mrs. Lowery*, Case No. 2:04-CV-00641 (S.D. Ohio), his request to proceed IFP falls under the portion of the Prison

Litigation Reform Act codified at 28 U.S.C. § 1915(g), the so-called "three strikes" rule.  Under § 1915(g), the Court can grant Plaintiff IFP status only if he demonstrates that that he is "under imminent danger of serious physical injury."  This requires that the threats or conditions faced by Plaintiff "must be real and proximate," and the danger of "serious physical injury must exist at the time the complaint is filed*." Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).  The allegations must sufficient to "allow a court to draw reasonable inferences that the danger exists." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).  "Incremental harm that culminates in a serious physical injury," such as from failure to treat a chronic illness or condition," may be also sufficient to satisfy § 1915(g).  *Id.* at 587.

Finally, under § 1915(d), the Court has discretion to appoint counsel for an indigent civil litigant.  Appointment of counsel in a civil case is not a constitutional right, but is a privilege that is "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).  In making this determination, courts look to "the type of case and the abilities of the plaintiff to represent himself," including an assessment of the "complexity of the factual and legal issues involved."  *Id.* (quotations omitted).  Appointment of counsel is not appropriate "when a pro se litigant's claims are frivolous, or when the chances of success are extremely slim." *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (citations omitted).

### III.    ANALYSIS

In the Report and Recommendation ("R&R"), the Magistrate Judge found that, although Plaintiff raised a number of issues, he failed to assert any "in terms of imminent danger."  (Doc. 6 at 2).  Several issues related to Defendants' alleged deliberate indifference to Plaintiff's medical needs can sometimes satisfy the requirements of § 1915(g), as the R&R acknowledges. (*Id.* at 2-3).  In this case, however, the Magistrate Judge concluded that Plaintiff does not allege

any facts which demonstrate that the requisite "serious physical injury" is imminent as a result of Defendants' alleged deliberate indifference.  (*Id.* at 3).  Rather, Plaintiff's descriptions of his ailments amount only to his "disagree[ment] with the opinions of the medical staff at his institution."  (*Id.* at 4).  The Magistrate Judge explained that although Plaintiff suffers from degenerative disk and joint disease, pinched nerves, burning feet, swelling legs, severe narrowing of the spine, and acute arthritis causing him to endure pain while walking, he also states that he has a cane and takes pain medication two to three times a day.  (*Id.* at 3).  Further, Plaintiff concedes that he frequently uses an inhaler, and is being treated for high cholesterol.  (*Id.*).

In his Complaint, Plaintiff mentions only briefly that his medical records from 2010 indicate that he has a tumor and deep vein thrombosis, and that he has received no follow-up for these conditions from the state medical director.  (*See* Doc. 1, ¶ 7).  On August 8, 2013, however, Plaintiff sought, and was later granted, leave to file an Amended Complaint.  (Doc. 9).  In that Motion, Plaintiff notified the Court of his intent to add Mr. Swakenhammer as a defendant, and Plaintiff further alleged that he suffers from skin cancer that has been chronically treated since 1998 until 2012, when Swakenhammer allegedly ordered treatment to cease.  (*Id.* at 2).  Plaintiff asserts that he has had over 60 positive skin cancer biopsies, and that Swakenhammer has canceled Plaintiff's dermatology appointments that had been previously approved to treat the cancer.  (*Id.*).  Plaintiff repeated these allegations in his pleading captioned "Motion of Compliance to Court Order" (Doc. 11 at 3-4).

In his Amended Complaint (Doc. 12), Plaintiff further alleged that he has been referred to "O.S.U." for a colonoscopy, which found evidence of cancer, but which Defendants allegedly have failed to treat or address.  (*Id.*, ¶¶ 1-2).  Plaintiff also again explained his chronic skin cancer treatment.  (*Id.*, ¶ 4).  Finally, in Plaintiff's most recent pleading, captioned "Good Faith

4

Notice for Irreparable Harm and Imminent Injury" (Doc. 13), Plaintiff restated his early allegations that his trust fund was "being embezzled and extorted by state officials."  (*Id.* at 1-2).

Some of Plaintiff's allegations raise significant issues of "real and proximate" danger as required under § 1915(g).  Plaintiff's additional claims that he suffers from, and has been under long-term care for, skin cancer, which is now being denied to him, present a serious risk of harm sufficient to "allow a court to draw reasonable inferences that the danger exists." *Vandiver*, 727 F.3d at 585.  Incremental harm that culminates in serious injury, such as failure to address or treat Plaintiff's skin cancer or positive colonoscopy results, "may present a danger equal to harm that results from an injury that occurs all at once." *Id.* at 587.  Thus, for the purposes of § 1915(g), "an individual afflicted with a chronic illness that left untreated would result in serious injury faces imminent danger when the illness is left untreated." *Id.*

Accordingly, in light of the Amended Complaint, Plaintiff's Objections to the Report and Recommendation are well-taken and are hereby **SUSTAINED**.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Objections to the **Report and Recommendation** are hereby **SUSTAINED**.  The matter is recommitted to the Magistrate Judge for assessment of a partial filing fee, and for consideration of Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED.**

    **  s/ Algenon L. Marbley**
    **ALGENON L. MARBLEY**
    **UNITED STATES DISTRICT JUDGE**

**DATED:  February 4, 2014**

5