IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MARTIN, | : | |
| Plaintiff, | : | Case No. 2:13-cv-634 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| WARDEN COOK, et al., | : | |
| | : | Magistrate Judge Kemp |
| Defendant. | : | |

## OPINON & ORDER

### I.  INTRODUCTION

This matter is before the Court on consideration of Plaintiff's Objections to Magistrates Report of 10-6-14  (hereinafter "Plaintiff's Objections") (Doc. 28) to United States Magistrate Judge Kemp's Report and Recommendation (Doc. 26).  The Magistrate Judge recommends that the Court dismiss Plaintiff's action without prejudice for failure to perfect service, as required by Federal Rule of Civil Procedure 4(m).  Upon independent review by this Court, and for the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's **Report and Recommendation.**  This action is hereby **DISMISSED.**

### II.  BACKGROUND

On May 12, 2014, Plaintiff filed this action, claiming a violation of his civil rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments during his time as a prisoner at Grafton Correctional Institute.  (*Amended Complaint*, Doc 22).  Plaintiff did not serve his Amended Complaint upon any of the Defendants within the 120-day deadline required by Federal Rule of Civil Procedure 4(m).

Prior to filing his Amended Complaint, Plaintiff made a motion to waive service of process of his initial Complaint.  (Doc. 17).  The Magistrate Judge denied Plaintiff's motion,

finding that free photocopies are not included in the right to proceed *in forma pauperis.* (Doc. 19 at 1). Instead, the Magistrate Judge informed Plaintiff that handwritten copies of his Complaint would suffice to perfect service upon Defendants. The Magistrate Judge gave Plaintiff 30 additional days to supply the required copies to the U.S. Marshal for service. (*Id.*). Plaintiff was warned of the possibility of dismissal if Defendants were not served in a timely manner. (*Id.*).

Plaintiff subsequently filed his Amended Complaint (Doc. 22), and failed to complete service within 120 days. On September 17, 2014, the Magistrate Judge ordered Plaintiff to show good cause as to why the action should not be dismissed for failure to perfect service. (Doc. 24 at 1). In response, Plaintiff objected, claiming that his indigency prevented him from "effectuat[ing] service of process." (Doc. 25 at 1). Finding indigency as insufficient grounds to further extend the time for service, the Magistrate Judge recommends this action be dismissed without prejudice. (Doc. 26 at 2). Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. (Doc. 28).

### III.  LAW AND ANALYSIS

The Court has conducted a *de novo* review of the record in this case, as required by 28 U.S.C. § 636(b) and the Federal Rules of Civil Procedure 72(b). For the reasons detailed in the Magistrate Judge's Report and Recommendation, Plaintiff's arguments are not persuasive. The Federal Rules of Civil Procedure require a plaintiff to serve his complaint "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). The Rule further directs the Court to "dismiss the action without prejudice . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service." *Id.*

Once 120 days passed after Plaintiff filed his Amended Complaint, the Magistrate Judge issued an order for Plaintiff to show good cause as to why the action should not be dismissed. (Doc. 24 at 1). A plaintiff may demonstrate good cause by "show[ing] he/she made a reasonable

2

and diligent effort to effect service." *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th. Cir. 1994) (citing *Electrical Supply Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992)). The service requirement "must be construed leniently with regard to *pro se* litigants." *Id.*

In response to the Magistrate Judge's order to show cause, Plaintiff objected, claiming that his indigency prevented him from "effectuat[ing] service of process." (Doc. 25 at 1). Plaintiff's response is insufficient to show good cause because he did not show that he has made any effort to effect service, nor has he shown that he is entitled to further assistance from the court in serving Defendants. As stated by the Magistrate Judge, "an inmate has neither a constitutional nor a statutory right to free photocopies even if that inmate has been granted the right to proceed *in forma pauperis*." (Doc. 26 (citing *Brown v. Voorhies,* No. 2:07-cv-0013, 2007 WL 1726489, *1 (S.D. Ohio June 13, 2007), *aff'd* 2007 WL 3001384 (S.D. Ohio Oct. 11, 2007))). In the Magistrate Judge's order responding to Plaintiff's motion to waive service of process due to indigency, (Doc. 17), Plaintiff was informed that handwritten copies would suffice to perfect service. (*See* Doc. 19). Despite this fact, Plaintiff did not produce any additional copies of his Complaint or Amended Complaint to perfect service, nor did Plaintiff's Objections state that he was making strides towards providing copies of his Amended Complaint to Defendants.

The Court has the discretion to extend the time for service in the absence of good cause. *Osborne v. First Union Nat. Bank of Delaware*, 217 F.R.D. 405, 407-08 (S.D. Ohio 2003) (citing *Stewart v. Tennessee Valley Authority*, No. 99-5723, 2000 WL 1785749 (6th Cir. Nov. 21, 2000)). Because Plaintiff has not shown that he has taken any steps toward perfecting service thus far, it is unlikely that extending the time will make him more likely to perfect service. Thus,

3

the Court declines to exercise its discretion to give Plaintiff additional time to perfect service in this case.

The Federal Rules direct that where service is not made within 120 days, the Court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  In failing to provide copies of his Amended Complaint to the U.S. Marshals for service, Plaintiff did not perfect service within the 120-day limit of Federal Rule of Civil Procedure 4(m).  Further, given the opportunity, Plaintiff failed to show good cause as to why the action should not be dismissed.  For these reasons, Plaintiff's action must be dismissed without prejudice.

## CONCLUSION

For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Plaintiff's Objections are **OVERRULED.**  The Report and Recommendation is **ADOPTED** and **AFFIRMED.**  The case is **DISMISSED WITHOUT PREJUDICE**.

This order hereby **MOOTS**: (1) Plaintiff's Motion for Reconsideration of Order Dated 2/18/14, (Doc. 20); (2) Plaintiff's Objections to Magistrates Arbitrary/Capricious/Abuse Dated 3/6/14 Received 3/14/14, (Doc. 21); and (3) Plaintiff's Objection to Magistrate Order of 9/17/14 Received 9/30/14 at HCF, (Doc. 25).

**IT IS SO ORDERED.**

      /s/Algenon L. Marbley
ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT

**Dated: January 28, 2015**